UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:04-CV-691-S

ABDUL HAKEEM MALIK                                                                   PLAINTIFF

v.

JEFFERSON COUNTY DEP'T
OF CORRECTIONS, et al.                                                 DEFENDANTS

### **MEMORANDUM OPINION**

      This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. Plaintiff, Abdul Hakeem Malik, *pro se*, seeks compensatory and punitive damages, under 42 U.S.C. § 1983, against five officers or employees of the Jefferson County Department of Corrections for medical mistreatment. The Court will dismiss the complaint without prejudice, for failure to name the proper party.

      None of the five individuals listed as party-defendants in the body of the complaint appears in the caption or title of the complaint. Rather, Plaintiff styles this action as "Abdul Hakeem Malik v. Jefferson Metro Correction Dept. Administration and Medical Dept."

      Rule 10 of the Federal Rules of Civil Procedure states, "In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." The only party-defendant in this action, therefore, is the Jefferson Metro Corrections Department.

      Because a county jail is not a legal entity susceptible to suit, however, the Court will dismiss Plaintiff's claims against the Jefferson Metro Corrections Department. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

      The Court further notes that Plaintiff has completed an outdated, form complaint (revised

1995), in which he provides scant information showing exhaustion of his administrative remedies, as mandated by 42 U.S.C. § 1997e and as strictly required by the United States Court of Appeals for the Sixth Circuit. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004).

Exhaustion of administrative remedies is mandatory: if an inmate fails to exhaust his claim through the prison's grievance process, the court must dismiss the complaint without prejudice, even if the inmate believes exhaustion would be futile. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Federal court review is premature if an inmate has completed only the first step of the administrative process and failed to appeal a grievance to the highest institutional authority. *Booth*, at 731.

If the suit seeks relief from more than one prison official, the inmate must exhaust administrative remedies against each institutional defendant on each claim. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003). Further, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describ[ing] with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *see also Bey v. Johnson*, — F.3d —, 2005 WL 1120283 (6th Cir. 2005).

A grievance statement satisfies the exhaustion requirement if it "gave the prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Burton*, 321 F.3d at 575; *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).

Unless the statute of limitations has run, Plaintiff may refile his complaint, after

completing the Jefferson Metro's grievance process; or if he has already done so with respect to each potential defendant, refile his complaint with specific allegations of each grievance proceeding and its outcome.

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:

cc: Plaintiff, *pro se*

4411.007